## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DR. MAKETA S. JOLLY, on behalf of )
BLACK PRO SE LITIGANTS, )
              **Plaintiffs,** )
 )
     v. )
 )
THE COMMONWEALTH OF )
PENNSYLVANIA, et al., )
              **Defendants** )

C.A. No. 26-124 Erie

District Judge Susan Paradise Baxter

## OPINION AND ORDER

On May 18, 2026, Plaintiffs commenced this action by filing a motion to proceed *in forma pauperis* [ECF No. 1], with an attached *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Commonwealth of Pennsylvania; the Prothonotary's Office of Philadelphia, Chester, and Delaware Counties (as clarified in the complaint's Certificate of Service (ECF No. 1-1, at p. 21)); Eric Feder (mistakenly identified as "Eric Felder"), Prothonotary for the Court of Common Pleas of Philadelphia County; and several unnamed Defendants identified as John/Jane Does 1-10.

The complaint alleges purported violations of Plaintiffs' rights under the first, fifth, and fourteenth amendment to the United States Constitution, as well as violations of Article 1, Sections 1, 11, 26, and 29 of the Pennsylvania Constitution, arising from the alleged systemic denial of Plaintiffs' access to the courts.

28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants

reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, despite Plaintiffs' bald assertion that venue is proper in this Court "because the events, acts, and omissions giving rise to Plaintiffs' claims occurred within this judicial district," the Complaint is completely devoid of any allegations substantiating this assertion. Instead, the complaint merely makes vague assertions regarding conduct generally attributable to "the Prothonotary's Office," and the only Prothonotary's Office specifically identified in the complaint is associated with the Philadelphia Court of Common Pleas. It is further apparent from the complaint that all named Defendants are located in the Eastern District of Pennsylvania (ECF No. 1-1, at p. 21), and the only named Plaintiff, Dr. Jolly, is a resident of King of Prussia, Pennsylvania, which is also located in the Eastern District. Thus, venue of this action is improper in this district, and this case should be transferred to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

WHEREFORE, on this 22nd day of May, 2026,

IT IS HEREBY ORDERED that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and 1404(a).

SUSAN PARADISE BAXTER
United States Magistrate Judge